# UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# SOUTHERN DIVISION

JOSE MANUEL ESCOBEDO,            )
                                 )
        Plaintiff,        )
                                 )
vs.                              )   Case No.   13-5078-CV-S-DW-P
                                 )
SERGEANT MAULLER, et al.,        )
                                 )
        Defendants.      )

## ORDER DISMISSING CERTAIN CLAIMS AND
## DIRECTING DEFENDANTS TO ANSWER OR OTHERWISE RESPOND

Plaintiff, who at all times pertinent to this complaint was confined at the Jasper County Jail in Carthage, Missouri, has filed pro se this case pursuant to 42 U.S.C. § 1983, seeking relief for certain claimed violations of his federally protected rights. Plaintiff has been granted leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. However, pursuant to 28 U.S.C. § 1915A(b)(1) & (2) the Court is required to screen prisoner cases and must dismiss a complaint if satisfied that the action is frivolous, malicious, or fails to state a claim under which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1) & (2).

Plaintiff filed an initial complaint on May 16, 2013. (Doc. No. 1). Thereafter, the Court directed plaintiff to file a superceding amended complaint. Plaintiff was directed to name specific defendants and show how each defendant was personally involved in the deprivation of his federally protected rights. (Doc. No. 6). Plaintiff now has filed his amended complaint. (Doc. No. 8).

As a preliminary matter, Plaintiff names in the caption of his amended complaint only

"Randy Kaiser, Jasper County Jail et al." as defendants. For the reasons set forth in the Court's previous order (Doc. No. 6), plaintiff still does not state a claim against Sheriff Randy Kaiser or the Jasper County Jail, and they will not be re-added as defendants. However, in the interest of construing plaintiff's amended complaint liberally, the Court will look to plaintiff's Statement of Claim for other named defendants.

In plaintiff's Statement of Claim, plaintiff lists the following as defendants: (1) Sergeant Mauller; (2) Sergeant Murphy; (3) Deputy Barret; (4) Shaw; (5) Deputy Bickford; (6) Smith; (7) Deputy Chamberline; (8) Kingsbery; (9) Ms. Abram; and (10) Ms. Gastella.

Plaintiff alleges that when he was having stomach problems, he declared a medical emergency, which was ignored by Sergeant Mauller, Sergeant Murphy, and Deputy Barrett. Plaintiff further alleges that Sergeant Murphy told him that he had to see plaintiff vomit before he could get help, and after plaintiff did, Sergeant Murphy did nothing. Plaintiff claims that it was not until his public defender obtained a court order for him to see a doctor that he was able to receive medical attention. Plaintiff seeks both monetary damages and injunctive relief.

**Defendants Shaw, Bickford, Smith, Chamberline, Kingsbery, Abram, & Gastella**

In order to state a claim under Section 1983, plaintiff must allege that (1) the conduct complained of was committed by a person acting under color of state law; and (2) the conduct deprived a person of rights, privileges or immunities secured by the Constitution or law of the United States. See Parratt v. Taylor, 451 U.S. 527 (1981); Clark v. Solem, 628 F.2d 1120 (8th Cir. 1980). Additionally, a defendant must have been personally involved in the deprivation of plaintiff's rights to be liable. Martin v. Sergeant, 780 F.2d 1334, 1337 (8th Cir. 1985).

Plaintiff fails to set forth any conduct by defendants Shaw, Bickford, Smith,

Chamberline, Kingsbery, Abram, or Gastella which could be construed as a deprivation of plaintiff's federally protected rights. Plaintiff merely names these defendants in the Statement of Claim portion of his amended complaint. Because plaintiff must provide more than broad and conclusory statements, <u>Ashcroft v. Iqbal</u>, 129 S. Ct. 1937, 1940 (2009) (citing <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 555 (2007)), plaintiff's claims against defendants Shaw, Bickford, Smith, Chamberline, Kingsbery, Abram, and Gastella will be severed and dismissed, with prejudice, for failure to state a claim, and they will not be added as parties to this case.

### **Defendants Mauller, Murphy, & Barret**

Granting plaintiff's claims against defendants Mauller, Murphy, and Barret a liberal construction, see <u>Haines v. Kerner</u>, 404 U.S. 519 (1972), they do not appear to be totally frivolous or maliciously raised. If the allegations of plaintiff's amended complaint are proven, plaintiff has a reasonable opportunity to prevail on the merits of this action. 42 U.S.C. § 1997e(g)(2). Therefore, defendants Mauller, Murphy, and Barret will be directed to answer or otherwise respond to plaintiff's amended complaint. (Doc. No. 8).

Accordingly, it is **ORDERED** that:

(1) plaintiff's claims against defendants Shaw, Bickford, Smith, Chamberline, Kingsbery, Abram, and Gastella are severed and dismissed, with prejudice, pursuant to 28 U.S.C. § 1915A(b)(1), for failure to state a claim;

(2) the Clerk of the Court is directed to add Sergeant Mauller, Sergeant Murphy, and Barret as defendants in this case;

(3) the Clerk of the Court shall issue appropriate summons to defendants Mauller, Murphy, and Barret as authorized by Fed. R. Civ. P. 4, and shall deliver the summons, the

amended complaint (Doc. No. 8), and a copy of this Order to the United States Marshal for service of process;

(4) the United States Marshal shall attempt <u>personal</u> service of process of the summons, the amended complaint, and a copy of this Order upon defendants Mauller, Murphy, and Barret as directed by Fed. R. Civ. P. 4; and

(5) defendants Mauller, Murphy, and Barret are directed to answer or otherwise respond to plaintiff's amended complaint (Doc. No. 8), within twenty-one (21) days from the date of service, as required by Fed. R. Civ. P. 12.

    /s/ Dean Whipple
DEAN WHIPPLE
UNITED STATES DISTRICT JUDGE

Kansas City, Missouri,

Dated:  July 18, 2013.